IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHRISTINE HENDERSON, | Case No. 6:16-cv-01956-JR |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| EMERALD PROPERTIES, | |
| Defendant. | |

RUSSO, Magistrate Judge:

Pro se plaintiff Christine Henderson, proceeding *in forma pauperis*, brings this action against Emerald Properties pursuant to the Fair Housing Act ("FHA"). On October 18, 2016, the Court dismissed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e). At that time, the Court instructed plaintiff to file an amended pleading that complied with Fed. R. Civ. P. 8(a) or face dismissal of this action. For the reasons stated herein, plaintiff's submission fails to state a claim upon which relief may be granted, such that this case should be dismissed.

Page 1 – FINDINGS AND RECOMMENDATION

Under 28 U.S.C. § 1915(e), the district court must dismiss an *in forma pauperis* complaint, either sua sponte or pursuant to a motion made by the opposing party, if it "is frivolous or malicious," or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). In order to avoid dismissal under 28 U.S.C. § 1915(e), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Additionally, in order to avoid dismissal pursuant to Fed. R. Civ. P. 8(a), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each averment of a pleading must be simple, concise, and direct, stating which defendant is liable for which wrong. McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). Under Fed. R. Civ. P. 10, as well as the Court's corresponding Local Rule, pleadings must also take a particular form. *See* Fed. R. Civ. P. 10(b) ("[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances"); see also LR 10-1 (articulating several formatting requirements).

Pro se plaintiffs do not have the benefit of legal counsel, therefore their pleadings are "held to less stringent standards" than pleadings drafted by lawyers. Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 923 n.4 (9th Cir. 2011), cert. denied, 132 S.Ct. 1000 (2012). Nevertheless, pro se pleadings must comply with court orders and the Federal and Local Rules of Civil Procedure. Mandell v. Am. Exp. Travel Related Servs. Co., Inc., 1991 WL 86903, *2 (9th Cir. May 13, 1991) (citations omitted).

Here, plaintiff submitted hundreds of pages of documents relating to a wide-range of topics, including the medical negligence allegedly perpetuated upon her brother and father, and

Page 2 – FINDINGS AND RECOMMENDATION

the miscarriages of justice she allegedly experienced while navigating the state court system. In other words, plaintiff's submission does not include any actual allegations and instead presents a scattered and haphazard narrative in the form of personal letters, emails, and other miscellany. Moreover, these letters and emails are frequently argumentative, prolix, replete with redundancy, and largely irrelevant to the present lawsuit, which pertains to defendant's allegedly improper "no cause" eviction. To the extent it is relevant, plaintiff's submission suggests she previously litigated, at least in part, her housing dispute with defendant.

Finally, plaintiff filed this lawsuit on October 7, 2016. Her submission makes clear, however, that defendant's "no cause" eviction was issued on July 15, 2014. As such, plaintiff's claim appears to be time-barred. 42 U.S.C. § 3613(a)(1)(A); see also Silvas v. G.E. Money Bank, 449 Fed.Appx. 641, 644 (9th Cir. 2011) (statute of limitations barred FHA claim where it was based on a "one-time act" that occurred more than two years prior to the filing of the complaint and there was no indication the "claim should be equitably tolled") (citations omitted). Because she received immediate notice of the "no cause" eviction, the fact that plaintiff continues to suffer adverse emotional consequences from defendant's allegedly wrongful conduct is insufficient to toll her claim. See TwoRivers v. Lewis, 174 F.3d 987, 991-92 (9th Cir. 1999) ("[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action").

In sum, despite an opportunity to amend, plaintiff failed to set forth a short and plain statement of facts showing her entitlement to the requested relief. Because plaintiff's submission does not comply with the Court's previous order or the Federal and Local Rules of Civil Procedure, and at least some of the deficiencies cannot be cured by amendment, dismissal is warranted. See Robinson v. Starplex/CMS Event Sec., 2011 WL 1541290, *3 (D. Or. Mar. 15),

adopted by 2011 WL 1542550 (D. Or. Apr. 21, 2011) ("if the factual elements of a cause of action are scattered throughout the complaint, but are not organized into 'a short and plain statement of the claim,' dismissal for failure to satisfy Rule 8(a) is proper") (citing Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988)); see also Jackson v. Carey, 353 F.3d 750, 758 (9th Cir. 2003) (dismissal without leave to amend is appropriate where "it is clear that the complaint could not be saved by any amendment").

## RECOMMENDATION

This lawsuit should be DISMISSED. Plaintiff's submission will not be docketed; the Clerk shall instead return these documents to plaintiff.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

IT IS SO ORDERED.

DATED this 22nd day of November 2016.

_____
Jolie A. Russo
United States Magistrate Judge

Page 4 – FINDINGS AND RECOMMENDATION